# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON,<br><br>        Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00927-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**I.  Screening Requirement**

     Plaintiff Relaun V. Deadmon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in the Sacramento Division, Eastern District of California District Court on May 29, 2007. The case was transferred to the Fresno Division on June 27, 2007. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison at Corcoran ("Corcoran"). Plaintiff alleges a violation of the Eighth Amendment against N. Grannis (Chief of the Inmate Appeals Branch), M. Hodges-Wilkins (Appeals Examiner), Dr. William McGuinness (Chief Medical Officer at Corcoran), and Lana Schultz (Registered Dietician at Corcoran). For the reasons set forth below, Plaintiff will be given the opportunity to amend his complaint, or proceed only on the claims found cognizable in this order.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

      **A.     Summary of Complaint**

Plaintiff alleges that Defendants have failed to provide him with a doctor-ordered medical diet, in violation of the Eighth Amendment. In July 2005, Plaintiff was diagnosed with severe kidney failure by a nephrologist, who ordered a low protein, low sodium diet for Plaintiff. The medical diet request was approved by the prison a couple of months later.[1] On June 13, 2006, a nephrologist again ordered a low protein, low sodium diet for Plaintiff. On June 19, 2006, the request for a special medical diet was approved by Nurse Practitioner Thomas, and the Chief Medical Officer at the Calipatria State Prison ("Calipatria") signed the chrono. However, Calipatria

---

[1] Plaintiff alleges that M. Levin at Corcoran approved the medical diet request, Compl. ¶ 25, but Plaintiff was incarcerated at Calipatria State Prison at the time, Compl. ¶¶ 27-30. The statement appears to be an error on the part of Plaintiff.

2

was unable to provide Plaintiff with the medical diet, thus Plaintiff was transferred to Corcoran State Prison ("Corcoran"), where he could be provided with the medical diet.[2]

On September 6, 2006, Plaintiff received a communication from Defendant L. Schultz, Registered Dietician at Corcoran, who advised Plaintiff to seek a transfer from Corcoran. On September 9, 2006, Plaintiff turned in a medical request slip, inquiring about the status of the medical diet that he had been ordered. On September 14, 2006, Plaintiff received another communication from Defendant Schultz who informed him that he had to go to the Segregated Housing Unit to receive the medical diet.

On September 29, 2006, Plaintiff consulted Nurse Practitioner Loadholt, who confirmed that Plaintiff should receive the medical diet that he had been ordered. On October 3, 2006, Plaintiff received another communication from Defendant Schultz, who advised Plaintiff to eat only half of the protein in his meals. Plaintiff received four medical meals. On October 6, 2006, Defendant Schultz informed Plaintiff that he would no longer be receiving a medical diet.

Plaintiff filed an inmate appeal regarding the denial of medical diet, but it was denied at every level. On December 29, 2006, Defendant McGuiness denied Plaintiff's appeal. On April 9, 2007, Defendants Hodges-Wilkins and Grannis denied Plaintiff's appeal.

Plaintiff seeks damages and equitable relief. Plaintiff seeks to receive the medical diet, to be transferred to a different institution, and to have Defendants dismissed from their positions.

### B. Eighth Amendment: Inadequate Medical Care

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).

---

[2] Plaintiff alleges that he was transferred to Corcoran on July 30, 2006, Compl. ¶ 30, but he later contradicts himself and states that he was transferred to Corcoran on August 30, 2006, Compl. ¶ 40.

3

Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Id. at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v.

4


Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Plaintiff states sufficient facts alleging that he had a serious medical need.  Plaintiff alleges sufficient facts to state an Eighth Amendment claim for inadequate medical care against Defendant Schultz.  However, Plaintiff fails to link Defendants McGuinness, Hodges-Wilkins, and Grannis with deliberate indifference.

Plaintiff alleges that Defendants McGuinness, Hodges-Wilkins, and Grannis' denial of his appeal was a violation of the Eighth Amendment.  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 743-44.  Plaintiff fails to allege facts showing that Defendants McGuinness, Hodges-Wilkins, and Grannis personally participated in the alleged deprivation of Plaintiff's constitutional rights.

Furthermore, Plaintiff does not have a liberty interest or a substantive right in appeals.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Prisoners do not have a liberty interest in processing of appeals because there is no entitlement to a specific grievance procedures. see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann

v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Plaintiff fails to state a claim against Defendants McGuiness, Hodges-Wilkins, and Grannis.

### III.  Conclusion and Order

Plaintiff's complaint states a claim under section 1983 against Defendant Schultz for a violation of the Eighth Amendment, but does not state any other claims under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In amending his complaint, Plaintiff is advised to take note of the following additional standards and admonitions.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the defendants, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

6

1  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
2  pleading," E.D. Cal. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
3  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
4  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
5  1474.

      Based on the foregoing, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Schultz for a violation of the Eighth Amendment;

    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **July 17, 2009**                            /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE